IN THE MATTER OF THE APPLICATION OF GERALD ROBARTS FOR A WRIT OF HABEAS CORPUS.

No. 6550

June 3, 1971                                485 P.2d 685

*Robert G. Legakes,* Public Defender, Clark County, for Petitioner.

*Robert List,* Attorney General, of Carson City; *Roy A. Woofter,* District Attorney, and *Charles L. Garner,* Chief Deputy District Attorney for Appeals, Clark County, for State of Nevada.

## OPINION

*Per Curiam:*

In this original proceeding in habeas corpus, petitioner contends the Grand Jury that indicted him was not legally constituted because: (a) the district judge and county commissioners who selected the grand jurors, in making their choices from the list of registered voters, for the most part named only individuals personally known to them, without seeking to "uncover the source of competent jury prospects from all significantly identifiable elements of the community"; and (b) three persons named to the Grand Jury had evinced a desire to serve, prior to being asked if they were willing to do so.

NRS 6.110 provides that, in choosing prospective grand jurors, a judge of the district and the county commissioners shall take turns making selections from the official list of registered voters.[1] While petitioner acknowledges that this statute is not unconstitutional on its face, he contends that it is capable of unconstitutional application, and that an unconstitutional

---

[1]NRS 6.110 provides, in material part, as follows: "1. . . . In counties where the board of county commissioners, pursuant to the provisions of NRS 244.013, consists of five members and there is more than one district judge in the judicial district containing the county, after required notice has been given by the district judge, selection of 36 persons as proposed grand jurors shall be made as follows. The district judges of the judicial district shall designate one of their number who shall meet with three or more of the members of the board of county commissioners at a regular meeting of the board of county commissioners which shall be open to the public. The district judge shall first make a selection of one name from the county clerk's register of registered voters. In turn each member of the board of county commissioners present at the meeting shall make a selection of one name from the register, and such selection procedure shall continue until 36 persons are selected as proposed grand jurors. A list of the names so selected as grand jurors shall be made out and certified by the officers making the selection and shall be filed in the clerk's office, and the clerk shall immediately issue a venire, directed to the sheriff of the county, commanding him to summon the persons so drawn as grand jurors to attend in court at such time as the district judge may have directed.

"2. The sheriff shall summon such grand jurors, and out of the number so summoned the court shall select 17 persons to constitute the grand jury and 12 persons to act as alternate grand jurors. . . ."

discrimination necessarily occurs if the district judge and commissioners select only grand jurors with whom they are personally acquainted. In support of this proposition, petitioner has cited a number of authorities, some containing general language that might arguably be taken as support for his view, but none that we consider similar to the case at bar either on facts or principle.[2] We do not think persons who are unacquainted with the selection officials constitute a distinct class, against whom discrimination can occur; we have not been told of any other group or class, against whom discrimination has occurred; indeed, we do not know to what "class" petitioner claims to belong, or whether that "class" was represented on the Grand Jury. Thus, we see no basis for the contention that petitioner's constitutional rights have been violated.

NRS 199.060 proclaims it a misdemeanor to place on a Grand Jury List "any name at the request or solicitation, direct or indirect, of any person." That statute does not, however, suggest that a violation of its provisions will render the Grand Jury a nullity, and again, we have been cited to no direct precedent supporting such a construction of our law. Respondent contends the statute was not violated, because independent judgment was exercised in the selection of those persons who had volunteered; however, assuming the statute was violated, we think the violation was a mere irregularity, which is not shown to have been prejudicial to the accused. Cf. State v. Johnny, 29 Nev. 203, 87 P. 3 (1906).

The petition is denied.

---

[2]The cases cited by the petitioner are: Avery v. Georgia, 345 U.S. 559, 73 S.Ct. 891, 97 L.Ed. 1244 (1953); Smith v. Texas, 311 U.S. 128, 61 S.Ct. 164, 85 L.Ed. 84 (1940); Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); Fay v. People of State of New York, 332 U.S. 261, 67 S.Ct. 1613, 91 L.Ed. 2043 (1947); Thiel v. Southern Pac. Co., 328 U.S. 217, 66 S.Ct. 984, 90 L.Ed. 1181 (1946); Chance v. United States, 322 F.2d 201 (5th Cir. 1963); Cassell v. Texas, 339 U.S. 282, 70 S.Ct. 629, 94 L.Ed. 839 (1950); and Brooks v. Beto, 366 F.2d 1 (5th Cir. 1966).